# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3114 | **DATE** | 3/4/2004 |
| **CASE TITLE** | JULIE CLARK vs. HEWITT ASSOCIATES, LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motions for reconsideration of the Court's order dismissing Hancock from the suit, and the addition of a new defendant, the Administrative Committee for Deferred Compensation Plan (Administrative Committee) [30-1] [31-1] is denied. John Hancock's request for attorney's fees and costs is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 5 2004 | |
| | Notified counsel by telephone. | | date docketed | 35 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE CLARK, )
)
Plaintiff, )
)
vs. ) No. 03 C 3114
)
HEWITT ASSOCIATES, LLC, an Illinois )
limited liability company, HEWITT )
ASSOCIATES LIFE INSURANCE PLAN, and )
JOHN HANCOCK LIFE INSURANCE )
COMPANY, a Massachusetts corporation, )
)
Defendants. )

DOCKETED
MAR 0 5 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Julie Clark brought this action against defendants Hewitt Associates, LLC, and Hewitt's Life Insurance Plan (collectively Hewitt), and John Hancock Life Insurance Company (John Hancock), for violations of the Employee Retirement Income Security Act of 1974 (ERISA), breach of contract, and an improper insurance claims practice under the Illinois Insurance Code. Both defendants filed a motion to dismiss. The court's Memorandum Opinion and Order of November 19, 2003, granted John Hancock's motion, dismissing all claims against it, and granted in part and denied in part Hewitt's motion, dismissing all but one claim: a denial of benefits claim pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff has now filed a motion requesting reconsideration of the court's order dismissing John Hancock from the suit, and the addition of a new defendant, the Administrative Committee for Deferred Compensation Plan (Administrative Committee). The motion is denied.

In her amended complaint, plaintiff identified Hewitt Associates, LLC, as the designated plan administrator and John Hancock as the third-party administrator of the

Hewitt Associates Life Insurance Plan. She stated that after her husband, Thomas Clark (Clark), committed suicide, John Hancock denied her claim for benefits stemming from her husband's optional life insurance coverage. Plaintiff responded with an action against both Hewitt and John Hancock, alleging their failure to provide an explanation of benefits, failure to provide a summary plan description, and breach of fiduciary duty in violation of ERISA. The court's memorandum opinion and order on the motions to dismiss explained that plaintiff could not bring a claim pursuant to § 1132(a)(3) for violations of ERISA regulations because § 1132(a)(3) is a catchall provision that can only provide her relief if she does not have the right to bring a denial of benefits claim under § 1132(a)(1)(B), which she does. It further explained that § 1132(a)(3) only provides equitable relief and plaintiff seeks money damages.

As argued in her response to defendants' motions to dismiss, plaintiff also sought relief pursuant to § 1132(c)(1)(B). Under this section, a participant or beneficiary of a benefits plan may recover damages from an administrator who fails or refuses to comply with a request for information, which the administrator is required to provide to a participant. The court explained that this claim could not be brought against John Hancock because Hancock was not the alleged plan administrator, and it could not be brought against Hewitt because there was no allegation that a request for information was made to the plan administrator and plaintiff's harm, denial of benefits, did not result from Hewitt's alleged failure to provide policy information. Counts II and III of plaintiff's complaint, breach of contract and a state law insurance claim, were also dismissed on the basis of ERISA preemption.

The court's ruling left plaintiff with one claim against the Hewitt Associates Life Insurance Plan: denial of benefits pursuant to § 1132(a)(1)(B). This section allows the beneficiary of an insurance plan to seek benefits due under the terms of the plan. The Seventh

Circuit has held that these actions may only be brought against the benefit plan. *See, e.g.*, <u>Jass v. Prudential Health Care Plan, Inc.</u>, 88 F.3d 1482, 1490 (7th Cir. 1996).

Plaintiff now asks the court to reconsider the dismissal of John Hancock as a defendant and seeks the addition of a new defendant, the Administrative Committee for Deferred Compensation Plan, which plaintiff now knows to be the plan administrator. Plaintiff argues that Hewitt's answer to her amended complaint provided contradictory responses regarding its provision of a summary plan description to Clark. She maintains that this ambiguity validates her claim against the plan administrator for failure to provide plan documents. Therefore, plaintiff reasons, she should be permitted to add the Administrative Committee, who Hewitt failed to identify as the plan administrator until its answer to her complaint. Plaintiff fails to explain what relevance this has to the state of her claims. Whether the plan administrator was Hewitt Associates, LLC, or the Administrative Committee, has no impact on the viability of any of her dismissed claims. In her complaint and memorandum arguing against dismissal, plaintiff alleges that the plan administrator failed to provide a summary plan description in violation of § 1132(c)(1)(B). This claim failed because plaintiff did not plead that Clark requested any information from the administrator and she did not allege any harm resulting from the failure to provide the summary plan description. Allowing plaintiff to add the proper name of the plan administrator would not resurrect this claim. Nor has plaintiff identified any other viable claim against the Administrative Committee that would justify adding it as a defendant.

Next, plaintiff argues that John Hancock should be joined in the suit because Hewitt admits that John Hancock denied plaintiff's claim. As John Hancock was dismissed from this suit, we assume that plaintiff is asking the court to reconsider that dismissal, rather than

asking us to join John Hancock. Plaintiff states its argument as if Hewitt's contentions are recent revelations. This is not so. Plaintiff's own complaint identifies John Hancock as the third-party administrator of Hewitt's insurance plan and states that it was John Hancock who denied plaintiff's claim on behalf of Hewitt. The court accepted these allegations as true when rendering its original decision.

Plaintiff maintains that even though John Hancock is not the plan and is not the plan administrator, it is a necessary party to the litigation because it made the decision regarding the claim and it had the power of review. The court fails to see what claims plaintiff has against John Hancock that justify granting her motion. As explained above, irrespective of who the plan administrator is, plaintiff's claim regarding the failure to provide plan documents was properly dismissed. (Moreover, plaintiff is not arguing that John Hancock is the plan administrator, which is the only party subject to this claim. <u>Hightshue v. AIG Life Insurance Co.</u>, 135 F.3d 1144, 1149 (7th Cir. 1998) (finding the plan administrator, not the claims administrator, is the proper party to a claim for failure to provide a summary plan description)). As for plaintiff's denial of benefits claim, the Seventh Circuit has made clear that under § 1132(a)(1)(B) claims may only be brought against the benefit plan. <u>Jass</u>, 88 F.3d at 1490. Plaintiff's motion asks the court to join a defendant to her action and reverse the dismissal of John Hancock without presenting any viable claims against either party. Her motion is denied.

In its response, John Hancock asserts that it is entitled to reasonable attorney's fees and costs incurred as a result of plaintiff's motion to reconsider. Section 1132(g)(1) of ERISA states: "In any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either

party." The question that the court must ask when determining whether the prevailing party is entitled to attorney's fees is: "[W]as the losing party's position substantially justified and taken in good faith, or was that party simply out to harass its opponent?" Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 593 (7th Cir. 2000); *See* Stark v. PPM America, Inc., 354 F.3d 666, 673 (7th Cir. 2004). For purposes of this inquiry, "substantially justified" means more than non-frivolous, but less than meritorious. Stark, 354 F.3d at 673. When assessing the propriety of an award of attorney's fees the court remains cognizant of ERISA's purpose to protect participants and beneficiaries who seek to enforce their statutory rights. *Id.* While the court fails to find much support for plaintiff's motion in her memorandum or in the law, we do not find that the purpose of plaintiff's argument was to harass the defendant. She argues that complete relief is impossible without John Hancock as a party, due to its role in the denial of her claim. This argument is not meritorious, but neither is it in bad faith, nor merely non-frivolous.

## CONCLUSION

For the foregoing reasons, plaintiff's motion is denied. John Hancock's request for attorney's fees and costs is also denied.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

March 4, 2004.