# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3114 | **DATE** | 10/22/2004 |
| **CASE TITLE** | JULIE CLARK vs. HEWITT ASSOCIATES LLC | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion for summary judgment is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | **OCT 2 5 2004** |
| | Notified counsel by telephone. | date docketed |
| ✓ | Docketing to mail notices. | rbf |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | date mailed notice |
| LG | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number

57

JULIE CLARK,                          )
                                      )
        Plaintiff,                    )
                                      )
    vs.                               )    No.  03 C 3114
                                      )
HEWITT ASSOCIATES LLC, an             )
Illinois limited liability company, and )
HEWITT ASSOCIATES LIFE                )
INSURANCE PLAN,                       )
                                      )
        Defendants.                   )

## MEMORANDUM OPINION AND ORDER

Following our rulings on two motions to dismiss, *see* Clark v. Hewitt Associates, LLC,

294 F.Supp.2d 946 (N.D.Ill. 2003), plaintiff Julie Clark has one claim against defendants

Hewitt Associates, LLC (Hewitt) and Hewitt's Life Insurance Plan: improper denial of benefits

in violation of § 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29

U.S.C. § 1132(a)(1)(B). Defendants now move for summary judgment on plaintiff's remaining

claim. The motion is granted.

## BACKGROUND

Plaintiff's husband, Thomas Clark (Clark), started working for Hewitt, a consulting

firm, on May 7, 2001. Hewitt offers its employees basic and optional life insurance coverage

through a group policy administered by John Hancock Life Insurance Company. Clark

enrolled in both the basic and optional life insurance plans, and his coverage began on January

1, 2002. Clark named plaintiff the beneficiary under both plans. Twenty-eight days later, on

January 29, 2002, Clark committed suicide. While plaintiff received benefits under the basic

life insurance plan, she was denied benefits under the optional plan. In its denial letter, John Hancock explained that the terms of the optional life insurance plan preclude payment of benefits under the circumstances. The optional life insurance plan states: "No amount or increase in amount of Optional Life Insurance, issued at any time, is payable for death due to suicide the first two (2) years after Employees become insured for such amount." After plaintiff did not receive a response to her request for reconsideration of the denial, she filed this suit seeking $165,000 in optional coverage benefits.

## DISCUSSION

Our function in ruling on a motion for summary judgment is to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law, we will grant the motion. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002). A "metaphysical doubt as to the material facts" is not enough to create a genuine issue of fact for trial, Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585 (1986); the evidence must allow for a reasonable jury to find for the non-movant. Buscaglia v. United States, 25 F.3d 530, 534 (7th Cir. 1994). When reviewing a motion for summary judgment, we draw all inferences in the light most favorable to the non-movant. DeValk Lincoln Mercury, Inc. v. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987).

Defendants' argument for summary judgment is straightforward. Section 502(a)(1)(B) of ERISA allows a participant or beneficiary of an ERISA plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.

§ 1132(a)(1)(B). Defendants argue that plaintiff's ERISA claim fails because the uncontested facts establish that the plan excludes payment of the optional life insurance benefits for death due to suicide within two years after the participant becomes insured, and plaintiff's husband committed suicide within that time period. Defendants maintain that Hewitt Associates LLC is entitled to summary judgment for another reason as well – it is not a proper defendant. Jass v. Prudential Health Care Plan, Inc., 88 F.3d 1482, 1490 (7th Cir. 1996)("'ERISA permits suits to recover benefits only against the Plan as an entity . . . .'"); Bahnaman v. Lucent Technologies, Inc., 219 F.Supp.2d 921, 923 (N.D.Ill. 2002)("[A] claim for denial of benefits may only be brought against the benefit plan itself, not the . . . employer that established a plan."). While plaintiff does not contest that the plan excludes payment under these circumstances nor that the plan is the proper defendant for a denial of benefits claim, she argues that Illinois law and *estoppel* bar defendants' denial of benefits because her husband never received a copy of the insurance plan, notifying him of this limitation. Both plaintiff's state law theory and *estoppel* theory fail.

Plaintiff argues that under the Illinois Insurance Code an insurer must provide a policyholder with a certificate stating the terms and conditions of his insurance. 215 ILCS 5/231.1. Citing to Gende v. Guarantee Trust Life Insurance Co., 404 N.E.2d 979, 83 Ill.App.3d 962 (2d Dist. 1980), plaintiff contends that the failure to provide such a certificate results in the waiver of any limitations in the insurance policy. Since neither John Hancock nor Hewitt provided Clark with an insurance certificate, plaintiff reasons that under state law the suicide exclusion is waived. We need not consider whether this statute is preempted by ERISA nor the merits of plaintiff's reasoning, because the statute does not apply to the defendants. The section cited by plaintiff applies only to "stock and mutual legal reserve life companies." 215

ILCS 5/222. As explained in the definitions section, under the Illinois Insurance Code, "company" means an insurance or surety company. 215 ILCS 5/2(e). Neither defendant, Hewitt Associates, LLC nor Hewitt's Life Insurance Plan, is an insurance company subject to the law cited by plaintiff. Moreover, under the statute, it appears that Hewitt would be the policyholder entitled to a certificate from John Hancock for its group policy.

Though plaintiff mentions that defendants should be *estopped* from denying her benefits, she does not develop her argument. Nonetheless, we will address this theory of relief. To establish a claim for *estoppel* under the federal common law of ERISA, plaintiff must show "(1) a knowing misrepresentation; (2) made in writing; (3) with reasonable reliance on that misrepresentation by the plaintiff; (4) to her detriment." Coker v. Trans World Airlines, Inc., 165 F.3d 579, 585 (7th Cir. 1999). The Seventh Circuit has noted the narrow scope of ERISA *estoppel* claims. *See e.g.*, Vallone v. CNA Financial Corp., 375 F.3d 623, 639 (7th Cir. 2004); Coker, 165 F.3d at 585. Plaintiff has proffered no evidence that defendants knowingly misrepresented the optional life insurance plan such that Clark relied on it to his detriment. The on-line application and summary plan description's failure to mention the suicide limitation does not create an issue of fact regarding *estoppel*. Furthermore, plaintiff cannot establish that Clark reasonably relied on this alleged misrepresentation, for the summary plan description states that it is "a *summary* of the coverages provided" and informs participants how to get information "regarding the *actual* policy terms" (emphasis added). Clark was put on notice that the on-line application and the summary plan description were incomplete and that the applicable policy terms were contained in plan documents, which were available on request. Thus, she has no basis for *estoppel*. *See* Sophie v. Lincoln National Life Insurance Co., 1997 U.S. Dist. LEXIS 14861 at *20 (N.D.Ill. 1997)( granting summary judgment for

defendants on denial of benefits and *estoppel* claims, in part, because plaintiffs were put on notice that the materials they received were incomplete, and they were informed how to get more information about their plan).

Plaintiff also argues that summary judgment is inappropriate because there is an issue of fact regarding the policy covering her husband. She contends that defendants' exhibit A, a page from an optional life insurance policy containing the suicide exclusion, is not from the same policy provided by defendants during discovery, and which is attached to her response as exhibit 1. Plaintiff further maintains that there is no evidence defendants' exhibit is from the policy covering her husband. She is correct that defendants' exhibit A is not from her exhibit 1. However, the document that plaintiff submitted is not the policy for the optional life insurance plan in which her husband enrolled. Rather, as the document states, it is a "booklet-certificate," which summarizes, in a question-and-answer format, the main features of Hewitt's group policy coverage. The booklet makes clear that a copy of the policy is available through the policyholder, and that in the case of any discrepancies the group policy governs.[1]

Defendants' exhibit A is a page from the group policy. Contrary to plaintiff's claims, defendants do provide evidence that this excerpt is from the policy governing Clark's coverage. In the affidavit of Ilene Grant, an attorney and employee of Hewitt, she authenticates the exhibit as a true and correct copy of page 29 of Hewitt's group policy, in which Clark enrolled. Even if these arguments did not fail on their own merits, they would do nothing to advance plaintiff's cause. Plaintiff does not contend that defendants' exhibit A

---

[1] A fundamental problem for plaintiff is that she does not know what her husband received because he is not here to tell us. Thus, for example, if the Illinois statute was applicable, she cannot prove a negative – that he did not receive the booklet, which is described as a certificate of insurance, and which contains the suicide exclusion.

is not the relevant policy, nor that the policy governing her husband's optional life insurance did not contain an exclusion for death due to suicide within two years of enrollment. Because the applicable optional life insurance policy precluded payment of benefits in plaintiff's circumstances, defendants' motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Oct. 22 , 2004.