# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3114 | **DATE** | 11/10/2004 |
| **CASE TITLE** | JULIE CLARK vs. HEWITT ASSOCIATES, LLC, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

### MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for reconsideration of the court's order granting summary judgment for defendants is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 1 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 60 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JULIE CLARK,                         )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )    No. 03 C 3114
                                     )
HEWITT ASSOCIATES, LLC, an           )
Illinois limited liability company, and )
HEWITT ASSOCIATES LIFE               )
INSURANCE PLAN,                      )
                                     )
            Defendants.              )

## MEMORANDUM OPINION AND ORDER

In our Memorandum Opinion and Order dated October 22, 2004, we granted summary judgment for defendants Hewitt Associates, LLC and Hewitt Associates Life Insurance Plan (collectively Hewitt), in this Employee Retirement Income Security Act (ERISA) case. Plaintiff Julie Clark now brings a motion to reconsider.[1] Her motion is denied.

A party can bring a motion for reconsideration to correct errors of law or fact, or present newly discovered evidence. *See* Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)(citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995)). "A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185,

---

[1] For a recitation of the facts see one of the court's prior rulings, Clark v. Hewitt Associates, LLC, 294 F.Supp.2d 946 (N.D.Ill. 2003); Clark v. Hewitt Associates, LLC, 2004 WL 434198 (N.D.Ill. 2004); Clark v. Hewitt Associates, LLC, 2004 WL 2397278 (N.D.Ill. 2004).

1191(7th Cir. 1990). Motions for reconsideration should not serve to introduce new legal theories for the first time. <u>Publishers Resource, Inc. v. Walker-Davis Publications, Inc.</u>, 762 F.2d 557, 561 (7th Cir. 1985); <u>Pickett v. Prince</u>, 5 F.Supp.2d 595, 597 (N.D.Ill. 1998).

Though plaintiff does not seek to introduce new theories, she does try to revive old theories with new citations to ERISA law. In her amended complaint, plaintiff brought a count for "Failure to provide an explanation of benefits, failure to provide summary plan description and breach of fiduciary duty in violation of ERISA" (Count I), as well as a contract claim (Count II) and a state law claim (Count III). The court dismissed Counts II and III due to ERISA preemption, but found that Count I survived under one theory – plaintiff could seek benefits due to her under the terms of her husband's optional life insurance policy, pursuant to 29 U.S.C. § 1132(a)(1)(B). Count I failed to state a claim under the other theories plaintiff presented. Despite this holding, plaintiff continues to argue that she is entitled to relief because Hewitt did not provide her husband, Thomas Clark (Clark), with a summary plan description.

In her response to defendants' motion to dismiss plaintiff argued that, pursuant to 29 U.S.C. § 1132(c)(1)(B), she was entitled to life insurance benefits because of defendants' failure to provide her husband with documents containing the terms of his optional life insurance policy. As explained in our decision, this claim failed because § 1132(c)(1)(B) imposes liability on plan administrators who fail or refuse to comply with a "request for any information which such administrator is required by this subchapter to furnish to a participant," and plaintiff did not allege that her husband requested any information. Plaintiff recast this argument in response to defendants' motion for summary judgment. Aware that the suicide limitation in her husband's optional life insurance policy did not entitle her to benefits, she maintained that

state law and *estoppel* barred defendants from denying her benefits since her husband did not receive a summary plan document or insurance policy. The court considered and rejected these arguments, finding that the state law, 215 ILCS 5/2(e), did not apply and the elements for *estoppel* under federal common law were not met. We further noted that while it was unknown whether Clark received any policy documents from Hewitt, it was undisputed that the summary plan description was available on an online database for Hewitt employees and that the description notified participants how to get plan documents containing actual policy terms.

In her motion for reconsideration, plaintiff now argues that summary judgment was improper because there was no proof that a summary plan description was provided to Clark. Plaintiff cites to certain sections of ERISA (29 U.S.C. §§ 1021(a), 1024(b)) for the first time, as well as to federal regulations. Plaintiff does not, however, cite any new law supporting the contention that a participant's failure to receive a summary plan description renders policy terms unenforceable. In fact, plaintiff's entire motion is devoid of any citations to case law, other than a reference to a case cited by the court in support of its ruling. Plaintiff fails to direct the court to any newly discovered evidence or error of apprehension that would require reconsideration of her argument regarding 215 ILCS 5/2(e), or *estoppel*, under the federal common law of ERISA.

Nonetheless, we will briefly consider plaintiff's reconfigured argument. Even if plaintiff could prove that defendants violated ERISA by failing to furnish a summary plan description or some other policy document, plaintiff would not be entitled to benefits. The Seventh Circuit has declared that procedural violations of ERISA entitle plaintiff to monetary relief "only in exceptional cases," where the employer acted in bad faith, actively concealed the

benefit plan, or induced their employees to rely on a faulty plan summary. Kreutzer v. A.O. Smith Corp., 951 F.2d 739, 743 (7th Cir. 1991)(*citing* Blau v. Del Monte Corp., 748 F.2d 1348, 1353 (9th Cir.), *cert. denied*, 474 U.S. 865 (1985); Govoni v. Bricklayers, Masons & Plasters, 732 F.2d 250, 252 (1st Cir. 1984)); *see also* Jackson v. E.J. Brach Corp., 176 F.3d 971, 979 (7th Cir. 1999)("Under ERISA, technical violations do not create a right to monetary relief."). In Kreutzer, the Seventh Circuit denied any relief to plaintiff employees despite the defendant employer's failure to furnish summary plan descriptions. 951 F.2d at 744. The court noted that the defendant notified the employees where they could find the plan and there was no evidence that defendant acted in bad faith or attempted to conceal its policy. *Id.* at 745. Clark has never alleged that Hewitt acted in bad faith or attempted to conceal its policy. Furthermore, as we discussed in our prior opinion granting summary judgment, an online database for Hewitt employees allowed them to access summary plan descriptions and informed them how to get further information about the terms of their insurance policies. Plaintiff's bald assertion that Eileen Grant's deposition creates an issue of fact regarding whether defendants acted in bad faith, actively concealed the terms of the plan, or induced reliance on a faulty summary is baseless.

Of course, even before we reach the question of whether plaintiff would be entitled to any relief, she would need to establish that defendant violated ERISA. Defendants' alleged violation is the failure to provide a summary plan description in accordance with ERISA provisions. In her motion to reconsider plaintiff cites 29 U.S.C. § 1021(a), which requires plan administrators to furnish summary plan descriptions to participants in accordance with § 1024(b). That section requires the administrator to furnish the summary plan description "within 90 days after he becomes a participant...." According to the undisputed facts, Clark

began receiving coverage under the optional and basic life insurance plans on January 1, 2002. He committed suicide twenty-eight days later, on January 29, 2002. Therefore, at the time of Clark's death, when there was no longer a participant to whom Hewitt could deliver a summary plan description, the plan administrator still had sixty-two days to fulfill its obligation under 29 U.S.C. § 1024(b).

## CONCLUSION

For the foregoing reasons, plaintiff's motion is denied.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 10, 2004.